# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# JACKSONVILLE DIVISION

| | |
|---|---|
| ROBERT ALAN PORTER,<br><br>Plaintiff,<br><br>v.<br><br>FLORIDA BOY HONEY, LLC and JOSHUA WHITEHEAD<br><br>Defendants. | **COMPLAINT**<br><br>Case No: 3:25-cv-00278<br><br>**JURY TRIAL DEMANDED**<br><br>**PERMANENT INJUCTIVE RELIEF REQUESTED** |

## COMPLAINT

**COMES NOW** the Plaintiff, ROBERT ALAN PORTER by and through his undersigned attorney, and sues Defendants, FLORIDA BOY HONEY, LLC and JOSHUA WHITEHEAD, and alleges as follows:

### PARTIES

1. At all material times hereto, the Plaintiff, ROBERT ALAN PORTER (hereinafter "Plaintiff" or "Dr. Porter") was and is a resident of ORANGE County, Florida and whose principal address is 4752 Hoffner Ave, Orlando FL 32812.

2. At all material times hereto, Defendant, JOSHUA WHITEHEAD, (hereinafter "Defendant" or "Whitehead") was and is a resident of BAKER County, Florida and whose principal address is 4278 South CR229 Glen St. Mary, FL 32040.

3. At all material times hereto, Defendant, FLORIDA BOY HONEY, LLC (hereinafter "Defendant" or "FBH, LLC") was and is a Florida Limited Liability Company incorporated and managed by Defendant Whitehead and whose principal address is 4278 South CR229 Glen St. Mary, FL 32040.

## JURISDICTION

4. Federal subject matter jurisdiction is conferred by, inter alia, 29 U.S.C. § 1331 (federal question), 28 U.S.C. § 1338(a) (trademark claims), and the Lanham Act, 15 U.S.C. § 1051, et seq., including 15 U.S.C. §§ 1121, 1125.

5. This Court has personal jurisdiction over Defendant Whitehead and Defendant FBH, LLC as both Defendants are domiciled in the State of Florida. Furthermore, all events or omissions giving rise to the claim occurred, and the property that is the subject of the action is situated, in Florida.

6. Venue is proper in this District under 28 U.S.C. § 1391(b)-(d).

## FACTUAL BACKGROUND

7. The Plaintiff, Dr. Robert Porter, an apiarist, created Florida Boy Honey in 2019 in Orlando, Florida to market and sell the honey he produces. Florida Boy Honey has established a stellar reputation in that time as producing all-natural Florida honey.

8. Dr. Porter has protected that reputation through registration of the "Florida Boy Honey" name. FLORIDA BOY is a trademark lawfully owned and

maintained by Dr. Porter pursuant to U.S. Patent and Trademark Office Registration Number 7,507,692.  Dr. Porter's trademark covers the categories of honey, flavored honey, and herbal honey, giving Dr. Porter exclusive right to the FLORIDA BOY trademark as it relates to those categories of goods.  See attached Exhibit A.

9. USTPO Number 7,507,692 is in full force and effect.

10. Since 2019, Dr. Porter has continuously marketed a wide range of honey under the FLORIDA BOY name throughout Florida.

11. Dr. Porter has invested significant capital in the creation of brand art, including creation of the Florida Boy Honey logo by Mark Terry and Ginger Kane for use on the Dr. Porter's Florida Boy Honey labels.

12. Florida Boy Honey and its branding has been featured and marketed extensively on social media including Facebook and Instagram.

13. The Florida Boy Honey logo was featured in an oil painting by Noah Verrier.  Mr. Verrier posted a painting featuring Florida Boy Honey on his Instagram which has over 199,000 followers.

14. Upon information and belief, Defendant Joshua Whitehead began marketing his honey under the name "Florida Boy Honey Company" on or about March 2024 through social media without the consent of Dr. Porter.

15. Defendant Joshua Whitehead has opened a storefront location in Live Oak, Florida using the name "Florida Boy Honey Company."

16. On information and belief, Defendant Joshua Whitehead intends to open a second storefront in Mayo, Florida using the name "Florida Boy Honey Company."

17. On or about August 8, 2024, Defendant Joshua Whitehead filed articles of incorporation for an entity named "Florida Boy Honey, LLC." See attached Exhibit "B."

18. On or about February 13, 2025, Plaintiff notified Defendant through certified mail of his infringement of the FLORIDA BOY trademark and demanded that all use of the FLORIDA BOY trademark cease and desist. Defendant has not responded and continues to infringe upon Plaintiff's trademark rights.

## Count I – Unfair Competition (15 U.S.C. § 1125(a))

19. The allegations set forth in all prior paragraphs are incorporated by reference as if fully set forth herein.

20. FLORIDA BOY is inherently distinctive or has acquired secondary meaning among the public associating Plaintiff and his products with FLORIDA BOY.

21. By and through the conduct detailed above, consumers are likely to be confused, mistaken, or deceived as to the affiliation, connection, and/or

4

association of Defendant's products and services with Plaintiff's products, or as to the origin, sponsorship, or approval of Defendant's products and services, and/or as to the nature, characteristics, or qualities of Plaintiff's products.

22. Defendant's conduct, including as described above, despite Plaintiff's notice to Defendant, is thereby willfully and intentionally infringing Plaintiff's trademark rights.

23. Because of Defendant's conduct, Plaintiff has suffered, and will continue to suffer, unless Defendant's conduct is enjoined, inter alia, actual damages and/or irreparable harm, as to which it has no adequate remedy at law.

### Count II – Trademark Infringement (15 U.S.C. § 1114(a))

24. The allegations set forth in all prior paragraphs are incorporated by reference as if fully set forth herein.

25. The USTPO Number 7,507,692 identifies the FLORIDA BOY mark that is registered with the United States Patent & Trademark Office.

26. Plaintiff owns USTPO Number 7,507,692.

27. By and through the conduct detailed above, Defendant has caused, and will continue to cause, confusion, mistake, or deception as to the source, origin, or sponsorship of Defendant's products and services. Defendant's unauthorized use of FLORIDA BOY in commerce in the United States, including

as alleged above, constitutes trademark infringement in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114(a).

28. Defendant's conduct, including as described above is willfully and intentionally infringing Plaintiff's federally registered trademarks.

29. Because of Defendant's conduct, Plaintiff has suffered, and will continue to suffer unless Defendant's conduct is enjoined, inter alia, actual damages and/or irreparable harm, as to which it has no adequate remedy at law.

### Count III - Florida Common Law Trademark Infringement

30. The allegations set forth in all prior paragraphs are incorporated by reference as if fully set forth herein.

31. Defendant's conduct, including as described above, constitutes trademark infringement in the violation of the common law of the State of Florida.

32. Because of Defendant's conduct, Plaintiff has suffered, and will continue to suffer unless Defendant's conduct is enjoined, inter alia, actual damages and/or irreparable harm, as to which it has no adequate remedy at law.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court:

1. Permanently enjoin JOSHUA WHITEHEAD and FLORIDA BOY HONEY, LLC and its predecessors, successors, divisions, subsidiaries, and joint

ventures thereof, together with any and all parent or affiliated companies or corporations, and all officers, directors, employees, attorneys, representatives, those acting in privity or concern with them, or on their behalf, from:

    a. All of the above described conduct;

    b. Directly or indirectly infringing the Plaintiff's trademark rights;

    c. Using FLORIDA BOY HONEY as any part of Defendant's company, trade name, or brand name, including in press releases, on its website, and in advertising;

    d. Using FLORIDA BOY in connection with honey, flavored honey, and herbal honey;

2. Award Plaintiff actual damages he has sustained and/or disgorgement in an amount to be determined at trial;

3. Award Plaintiff enhanced and punitive damages;

4. Award Plaintiff prejudgment interest as well as its actual costs and attorneys' fees in this action;

5. Enter judgment in favor of Plaintiff on each of its claims; and

6. Grant to Plaintiff such other legal, equitable or other relief as may be just and warranted under the circumstances.

<u>JURY DEMAND</u>

Plaintiff demands a trial by jury on all issues presented in this Complaint.

Dated:  March 14, 2025										Respectfully submitted,

/s/ J. Michael Kelly, Esq.
J. Michael Kelly, Esq.
PROPERTY LOSS GROUP
300 N. Ronald Reagan Blvd. #316
Longwood, FL 32750
(407) 491-4788
jmkelly@PLGFL.com

*Attorney for Plaintiff*