UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

ROBERT ALAN PORTER,

       Plaintiff,

v.                                  CASE NO. 3:25-cv-278-TJC-SJH

FLORIDA BOY HONEY, LLC, et
al.,

       Defendants.

_____/

## ORDER

**THIS CAUSE** is before the Court on Plaintiff's Motion for Entry of Default
("Motion"). Doc. 14.

Plaintiff filed a Complaint against Florida Boy Honey, LLC ("FBH") and
Joshua Whitehead ("Whitehead"). Doc. 1. Plaintiff filed a return of service
purporting to show service on March 17, 2025, on FBH. Doc. 6. Plaintiff moved for
a clerk's default against FBH, Doc. 7, which was denied without prejudice, Doc. 8.
Plaintiff then filed a renewed motion for clerk's default against FBH, Doc. 9, which
was denied without prejudice as moot, Doc. 11, because, in the interim, on April 17,
2025, the Court struck Plaintiff's complaint as an impermissible shotgun pleading,
Doc. 10.

Plaintiff filed the operative Amended Complaint, Doc. 12, on April 22, 2025.
The Amended Complaint was served only by United States Mail. *Id.* at 10; Doc. 14
at 2. On May 14, 2025, Plaintiff filed a return of service reflecting service of the

original Complaint on Whitehead on April 12, 2025. Doc. 13. Plaintiff filed the instant Motion on May 15, 2025.

Plaintiff's Motion rests on the contentions that (i) both FHB and Whitehead were properly served with process and the original Complaint; (ii) neither has appeared; (iii) no service is required on parties in default for failure to appear, except that a pleading that asserts a new claim for relief against such a party must be served in accordance with Rule 4 of the Federal Rules of Civil Procedure ("Rule(s)"); and (iv) the Amended Complaint does not set forth new claims for relief. Doc. 14.[1]

Assuming service of the original Complaint was proper,[2] Plaintiff's Complaint was stricken, and it has served the Amended Complaint only via United States mail. Thus, unless falling within the service exception under Rule 5(a)(2), Plaintiff is unentitled to default relief on the Motion for lack of proper service. *See CliC Goggles, Inc. v. Morrison*, No. 6:15-cv-621-Orl-28GJK, 2016 WL 7665442, at *2 (M.D. Fla. June 2, 2016); *Dubose v. Transp. Enter. Leasing, LLC*, No. 6:08-cv-385-Orl-31DAB,

---

[1] Under Rule 5(a)(2) "[n]o service is required on a party who is in default for failing to appear. But a pleading that asserts a new claim for relief against such a party must be served on that party under Rule 4." Rule 4, in turn, does not authorize service by mail or service unaccompanied by a summons. *See CliC Goggles, Inc. v. Morrison*, No. 6:15-cv-621-Orl-28GJK, 2016 WL 7665442, at *2 (M.D. Fla. June 2, 2016); *Amarelis v. Notter Sch. of Culinary Arts, LLC*, No. 6:13-cv-54-Orl-31KRS, 2014 WL 5454387, at *3 (M.D. Fla. Oct. 27, 2014); *Dubose v. Transp. Enter. Leasing, LLC*, No. 6:08-cv-385-Orl-31DAB, 2008 WL 11334922, at *1 (M.D. Fla. Aug. 20, 2008).

[2] It is not entirely clear that it was. For example, Plaintiff argues that FBH was served via personal service on its registered agent, Doc. 14 at 3-4, but the return of service appears to indicate service via a private mailbox/virtual office under Fla. Stat. § 48.031(6), Doc. 6, and Plaintiff has not explained the propriety of such service. Regardless, as explained below, the Court deems service of the Amended Complaint under Rule 4 necessary.

2008 WL 11334922, at *1 (M.D. Fla. Aug. 20, 2008); *see also Varnes v. Loc. 91, Glass Bottle Blowers Ass'n of U.S. & Canada*, 674 F.2d 1365, 1368 (11th Cir. 1982).

Plaintiff argues that "personal service of process was not required for service of the Amended Complaint" because "[t]he Amended Complaint does not raise any new claims, but rather simply clarifies which allegations of the Complaint pertain to which claims" and "the Amended Complaint lists the same causes of action as the initial Complaint." Doc. 14 at 5-6. While arguable, the Court is ultimately unpersuaded.

The applicable Rules "reflect a policy that a defendant should receive notice of all claims for relief upon which a court may enter judgment against him. Formal personal service impresses upon a defendant that judicial process has been invoked to effect a coercive remedy against him." *Varnes*, 674 F.2d at 1368. A "defendant is entitled to take a position" on a new claim for relief and is entitled to "make [available] strategy decisions following notice of the new or additional claim for relief …. To facilitate this process Rule 5(a) requires the complaint be personally served pursuant to Rule 4 once the amended complaint asserts a new or additional claim for relief." *Id.* at 1369. In short, "[t]he concern of Rules 4 and 5(a) is notice to the defendant of claims for relief." *Id.*; *see also Tiger v. Gator's Dockside of Dr. Phillips, Inc.*, No. 6:19-cv-1935-Orl-CEM-DCI, 2019 WL 13246536, at *1-2 (M.D. Fla. Dec. 26, 2019).

Here, the Complaint—which was struck as an impermissible shotgun pleading—failed to give fair and adequate notice. Indeed, shotgun pleadings

inevitably fail, "to one degree or another" to give "defendants adequate notice of the claims against them and the grounds upon which each claim rests." *Vibe Micro, Inc. v. Shabanets*, 878 F.3d 1291, 1295 (11th Cir. 2018) (quotation omitted); *see also Beaulieu v. Powell*, No. 22-13796, 2023 WL 3302874, at *3 (11th Cir. May 8, 2023).[3] As such, and considering the notice concerns of Rules 4 and 5, the Court deems the changes material and service of the Amended Complaint under Rule 4 necessary. *See Anguelov v. Event Parking, Inc.,* No. 2:16-cv-273-FtM-29CM, 2017 WL 8790975, at *1 (M.D. Fla. June 1, 2017) (explaining service under Rule 4 is required on a previously defaulted party "if an amended pleading asserts new claims or materially alters the claims alleged or relief sought"); *CliC Goggles,* 2016 WL 7665442, at *2 (explaining service under Rule 4 on a previously defaulted party is required unless "the changes in the amended complaint are not substantial, *i.e.*, do not assert new claims nor materially alter the claims asserted or the relief sought"); *see also Weber v. Absolute Collection Serv., Inc.*, No. 3:11-cv-1150-J-34JBT, 2012 WL 13136927, at *4 & n.4 (M.D. Fla. July 24, 2012) (explaining that if plaintiff opted to file amended complaint to cure deficient allegations that failed to state a plausible claim for relief, then formal service under Rule 4 would be required).

Accordingly, it is **ordered**:

1.    Plaintiff's Motion (Doc. 14) is **denied without prejudice**.

---

[3] Unpublished opinions are not binding precedent; however, they may be cited when persuasive on a particular point. *See United States v. Futrell*, 209 F.3d 1286, 1289-90 (11th Cir. 2000); 11th Cir. R. 36-2.

2.     Plaintiff shall properly serve Defendants with a summons and copy of the Amended Complaint on or before **July 7, 2025**. Failure to do so may result in the dismissal of this action without further notice.

**DONE AND ORDERED** in Jacksonville, Florida, on June 5, 2025.

_____
Samuel J. Horovitz
United States Magistrate Judge

Copies to:

Counsel of Record